IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 9:17-CR-41-MAC-CLS |
| RAVON RASHAD SEWELL (8) | § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On August 8, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Jim Noble. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine, a Class B felony, Defendant Ravon Rashad Sewell was sentenced on August 2, 2018 by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of II, was 63 to 78 months. Defendant was sentenced to 63 months of imprisonment to be followed by a 4-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure and participation in substance abuse treatment and testing.

Defendant completed his term of imprisonment and started his term of supervised release on June 1, 2022. The case was reassigned to United States District Judge Marcia A. Crone on November 30, 2022.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, United States Probation Officer Ellie Valdelamar alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant tested positive for both methamphetamine and marijuana on November 10, 2022, marijuana on November 15, 2022, both marijuana and methamphetamine on November 23, 2022, marijuana on January 11, 2023 and marijuana on February 8, 2023.

2. **Allegation 2 (special condition): The defendant must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program. The defendant must pay any cost associated with treatment and testing.** It is alleged that Defendant failed to report to randomly scheduled drug tests at the provider's office in Longview, Texas, on January 3, 2023, and January 27, 2023.

3. **Allegation 3 (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence at a time arranged by the U.S. Probation Office. The defendant must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.** It is alleged that Defendant was unsuccessfully discharged from the County Rehabilitation Center on April 11, 2023.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the

evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline range for a Grade B violation is imprisonment for 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing marijuana, failing to report for drug testing and failing to successfully complete his term at the County Rehabilitation Center as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide a guideline range of imprisonment for 4 to 10 months for a Grade C violation.

### *Hearing*

On August 8, 2023, Defendant appeared for a final revocation hearing. Assistant United States Attorney Jim Noble announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

of imprisonment for 4 months with no further supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to be designated to FCI Seagoville or, alternatively, FCI Texarkana.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to time served with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for 4 months with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for 4 months with no further supervised release.

So ORDERED and SIGNED this 8th day of August, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE